RODNEY FISK *vs.* INHABITANTS OF CHESTER.

Since the *St.* of 1856, c. 188, a party to a suit, in which the issue is in which of two towns his domicil was at a particular time, may testify to the intent with which he removed from one town to the other shortly before, and returned soon after, that time.

Evidence that the selectmen of a town decided that a person taxed there was an inhabi- tant, and put his name upon the voting list, is not admissible for the purpose of showing that his domicil was in that town, without showing that they did it at his request.

ACTION OF CONTRACT to recover back the amount of a tax of the town of Chester upon the plaintiff's personal property for 1854, when he was, as he alleged, an inhabitant of Huntington. Trial and verdict for the plaintiff in the court of common pleas in Hampshire, at October term 1856, before *Morris,* J., to whose rulings the defendant excepted, and stated the case thus :

" The only question made in the case related to the place of domicil on the 1st of May 1854. It was proved that the plain-tiff owned farms in each of said towns, about seven miles apart; that prior to 1853 he resided in Huntington; but that in 1853 he removed to Chester, voted in that town, gave in and swore to his list of personal and other property, and was taxed therefor. Between the 24th and 29th of April 1854 he transported his family and a portion of his effects in a wagon from Chester to Huntington. Between the 1st and 20th of May, he went back with his wife and a portion of his family to Chester; after staying two or three days, he went back to Huntington; and soon after the 20th of May he went back to Chester, where he resided during the principal portion of the summer and autumn, and then returned to Huntington. He proved that he was placed upon the voting list and voted in Huntington in 1854.

" The plaintiff was sworn as a witness, and testified, under the objection of the defendants, that when he removed from Chester to Huntington in April 1854, he intended that his home should be in Huntington permanently, and that he removed there for that purpose.

" The plaintiff's counsel inquired of the plaintiff, ' When you went back to Chester with your family the latter part of May, had you any intention to remain in Chester, or did you intend to go back to Huntington ? ' The plaintiff replied that he went back to Chester to manage his farm, but never intended to make Chester his home. The defendants objected to the ques-tion and answer.

" The defendants offered to show, by one of the assessors and selectmen of Chester for 1854, that the selectmen decided that Fisk was an inhabitant of, and a voter in, Chester May 1st 1854, and that his name was placed by them and was upon the list of voters. The plaintiff objected; the evidence was ruled out."

*W. G. Bates,* for the defendants. 1. It was not the object of the *St.* of 1856, *c.* 188, to extend the sphere of evidence; but only to enable parties to testify to the same facts which could have been testified to by other witnesses before that statute.

Besides; the plaintiff's testimony as to his intention in April was not competent or material upon the question where his domicil was on the 1st of May. And his acts after the 1st of May were inadmissible to fortify him.

2. The decision of the selectmen of Chester, that the plaintiff was an inhabitant and a voter in Chester on the 1st of May, and the fact that his name was placed by them on the voting list, and was thereon on the 1st of May, are facts competent to prove his residence in Chester. *West Boylston* v. *Sterling*, 17 Pick. 128.

*R. A. Chapman*, for the plaintiff.

BY THE COURT. If we were deciding the question of the plaintiff's domicil upon the 1st of May 1854, we should need more facts. But all we have to consider is the exceptions taken. We must presume that in other respects the jury were rightly instructed.

1. It is very clear that, under the *St.* of 1856, *c.* 188, the plaintiff was rightly permitted to testify to his intention at the times of his removal from Huntington to Chester, and of his return to Huntington. A man may determine where his home shall be, and thus incidentally determine where he shall be taxed. Before parties were made competent witnesses, it was the practice to prove their intent by a variety of circumstances, because no man can know the secret purposes of a man's heart except himself. But now that parties are made competent witnesses, it necessarily follows that they may testify to any facts material to the issue. His intent at the time of removal is a fact qualifying the act, and therefore admissible.

2. The selectmen had no authority to determine that the plaintiff was an inhabitant of Chester, and to put his name on the voting list, except upon his application; and there was no evidence that he had made such an application. The testimony of one of them to their acts was therefore properly rejected.

*Exceptions overruled.*