In re HINDS, NOBLE & ELDREDGE.

(Supreme Court, Appellate Division, First Department.    April 7, 1916.)

1. CORPORATIONS ☞47—OBJECTION BY STOCKHOLDERS—EFFECT—DIRECTORS'
   AUTHORITY—REVIEW.
      An application by a corporation to change its name under the provisions
   therefor of General Corporation Law (Consol. Laws, c. 23) §§ 62, 63, will
   not be denied because resisted by certain stockholders, where the proposed
   change was duly authorized by the board of directors, since the courts
   will not interfere with the determination of those intrusted with the
   direction of corporate affairs, though such determination does not meet
   the unanimous approval of the stockholders.
      [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 134, 135;
   Dec. Dig. ☞47.]

2. CORPORATIONS ☞322—INTERNAL MANAGEMENT—REVIEW.
      The courts will not interfere with the policy of the majority in inter-
   est of a corporation in matters related solely to its internal manage-
   ment, in the absence of fraud, illegality, or the carrying out of purposes
   clearly detrimental to the interest of the corporation.
      [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1365; Dec.
   Dig. ☞322.]

3. CORPORATIONS ☞47—CHANGING NAME—CONSOLIDATION AGREEMENT—EF-
   FECT.
      Where certain firms and individuals consolidated to form a new cor-
   poration, the agreement of consolidation did not operate to deprive the
   corporation about to be organized of its legal right to thereafter change
   the name under which it was to begin business.
      [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 134, 135;
   Dec. Dig. ☞47.]

4. CORPORATIONS ☞47—CHANGING NAME—CONTROLLING INTEREST—SUITS
   PENDING.
      In an application by a corporation for a change of its corporate name,
   the fact that the corporation had been formed by the consolidation of
   separate partnerships and individuals under an agreement for the distri-
   bution of stock whereby certain stockholders in the new corporation
   would have a controlling interest, to enforce which suits were pending,
   afforded no reason for denying the application at the instance of the
   stockholders who expected to obtain such control; it being open to them,
   should they ultimately obtain such control, to cause the corporate name
   to be again changed.
      [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 134, 135;
   Dec. Dig. ☞47.]

Appeal from Special Term, New York County.

Application of Hinds, Noble & Eldredge, a corporation, to change
its corporate name. From an order denying the application, applicant
appeals.    Order reversed, and application granted.

Argued before CLARKE, P. J., and McLAUGHLIN, DOWLING,
SMITH, and DAVIS, JJ.

Edward F. Clark, of New York City (Roger Hinds, of New York
City, of counsel), for appellant.

Frederick T. Kelsey, of New York City, for respondents.

DOWLING, J.    [1] The petitioning corporation seeks an order of
the court authorizing the change of its corporate name, pursuant to

sections 62 and 63 of the General Corporation Law. The objections thereto are made by two stockholders, owning together $117,500 out of a total stock issue of $300,000. The proposed change was duly authorized by the board of directors of the petitioner for reasons which to them seemed sufficient, and which certainly were not without force and reason. The change of name of a corporation is one of those details of corporate and business management with which, in the absence of fraud or illegality, the courts will not interfere, but will respect the determination of those intrusted with the direction of the affairs of the corporation, even if it does not meet with the unanimous approval of the stockholders. Thomas & Barton Company v. Thomas, 165 Fed. 29, 91 C. C. A. 67; 10 Cyc. 210, 211.

[2] The reluctance of the courts to interfere with the policy of the majority in interest of a corporation in relation to those matters which have to do solely with its internal management leads them to decline to set aside action taken, or sought to be accomplished, thereunder, in the absence of fraud, illegality, or the carrying out of a purpose clearly detrimental to the interest of the corporation itself. None of these elements is present here.

[3, 4] Nor did the agreement of consolidation between the partnership of Hinds & Noble, the corporation of Eldredge & Bro., and Messrs. Eldredge & Gideon, operate to deprive the corporation about to be organized of its legal right to thereafter change the name under which it was to begin business. The pendency of the various actions by which it is sought to compel the performance of an alleged option for the sale of stock in the corporation, by which control is hoped to be passed to Gideon and Noble, is no reason for denying this application. Should they be successful in ultimately obtaining control of the corporation, they can, if they desire, cause its name to be again changed.

The order appealed from is reversed, with $10 costs and disbursements, and the application for the authorization of a change of corporate name is granted. Order filed. All concur.