GEORGE W. KAVANAUGH, Appellant, *v.* KAVANAUGH KNITTING COMPANY et al., Respondents.

**Corporations — dissolution — resolution of board of directors to dissolve corporation must be based upon belief that welfare of corporation and stockholders will be promoted — majority of stockholders also restricted by same fiduciary obligation — court of equity will protect minority stockholders against proposed dissolution of corporation conceived in bad faith — good faith or bad faith a question of fact.**

1. The law, as well as ordinary justice and sound business policy, requires that the existence of a corporation shall not be attacked, within the period fixed by its charter, by its board of directors acting in bad faith, fraudulently or through the intent to punish or oppress a stockholder.

2. A court of equity will protect a minority stockholder against the acts or threatened acts of the board of directors or of the managing stockholders of the corporation which violate the fiduciary relation and are directly injurious to the stockholders.   The courts cannot pass upon the question of expediency of a proposed dissolution of the corporation, but they can, and will, whenever the facts presented to them in the appropriate action demand, inflexibly uphold and enforce, in accordance with established equitable principles, the obligations of the fiduciary relation.   The good faith of the individual defendants is a proper and fundamental subject to be adjudged. Bad faith, fraud, or other breach of trust constitutes a foundation for equitable relief.

3. The provision of section 221 of the General Corporation Law (Cons. Laws, ch. 23) that the board of directors of a corporation may " adopt a resolution that it is in their opinion advisable to dissolve such corporation " contemplates and enacts that the majority of the whole board shall be of the opinion, or shall believe upon the evidence within the range of their official duties, that it is advisable to dissolve the corporation forthwith. The directors, in reaching their belief, cannot consider or give weight to their personal wishes, comfort or advantage. Their action must be based upon the belief that the interests and welfare of the corporation and the stockholders generally will be promoted by the dissolution.

4. Under the provision of section 221, which imposes upon the stockholders the ultimate determination of the question whether or not the corporation shall be dissolved forthwith, they also are burdened and restricted by the same fiduciary obligations. In taking corporate action under the statute, the stockholders are acting for the corporation and for each other and they cannot use their corporate power in bad faith or for their individual advantage or purpose.

5. A complaint, therefore, which alleges that the individual defendants, who constituted a majority of the board of directors of the defendant corporation, at a meeting of said board instituted the proceedings provided by section 221 of the General Corporation Law to dissolve the corporation, and that they did not adopt the resolution instituting the dissolution proceeding as the result of or through a *bona fide* and honest consideration of the facts affecting the general interest of the corporation and its stockholders, but in affirmative bad faith and for the sole purpose of permitting the individual defendants to dissolve the same against the will and desire of the plaintiff and for the purpose of depreciating the value of the corporate property and of the plaintiff's proportional interest therein, states a cause of action and its dismissal upon a motion for judgment on the pleadings was erroneous.

*Kavanaugh* v. *Kavanaugh Knitting Co.*, 184 App. Div. 650, reversed.

(Argued February 24, 1919; decided April 8, 1919.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 25, 1918, which affirmed an order of Special Term granting a motion by defendants for judgment in their favor upon the pleadings and directing a dismissal of the complaint.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*A. S. Gilbert* and *George D. Zahn* for appellant. A finding in good faith by the board of directors of a corporation that it is advisable to dissolve is an essential requirement and a condition precedent to any action by the stockholders thereof for its dissolution. (*Bliss v. Matteson,* 45 N. Y. 22; *Butts v. Wood,* 37 N. Y. 317; *People ex rel. Manice v. Powell,* 201 N. Y. 201; *Bosworth v. Allen,* 168 N. Y. 157; *White v. Kincaid,* 149 N. C. 415; *Windmuller v. Standard D. & D. Co.,* 114 Fed. Rep. 491; *Riker & Son v. Drug Co.,* 78 N. J. Eq. 319.) The complaint states facts sufficient to constitute a cause of action. (*Railroad v. Robinson,* 133 N. Y. 242; *Eppley v. Kennedy,* 198 N. Y. 348; *Bregmann v. Kress,* 83 App. Div. 1; *People v. Woodbeck,* 55 App. Div. 277; *Coatsworth v. Lehigh Valley Ry. Co.,* 156 N. Y. 451; *Naylor v. N. Y. C. & H. R. R. R. Co.,* 119 App. Div. 24; *Brown v. Champlin,* 66 N. Y. 214; *R. R. Co. v. Robinson,* 133 N. Y. 242; *Williamson v. Wager,* 90 App. Div. 186; *McKee v. Jessup,* 62 App. Div. 143; *Village of Cortland v. Howard,* 1 App. Div. 131.)

*Edgar T. Brackett* for respondents. The complaint does not state a cause of action. (*Nat. Union Bank v. Reid,* 27 Abb. N. C. 5; *Kain v. Larkin,* 141 N. Y. 144; *Sbarbaro v. Health Dept.,* 26 App. Div. 177; *N. Y. & N. V. Transp. Co. v. Tyroler,* 25 App. Div. 161; *Knowles v. City of New York,* 176 N. Y. 430; *Booth v. Dodge,* 60 App. Div. 23; *Petty v. Emery,* 96 App. Div. 35; *Steiner v. Am. Alcohol Co.,* 181 App. Div. 309; *Town of Weybridge v. Towns of Addison, etc.,* 57 Vt. 569; *Knickerbocker v. Groton Bridge Co.,* 111 App. Div. 145.) Where the statute authorized dissolution on a certain vote of the stockholders, a dissolution so voted is legal, irrespective of the motives of the stockholders in voting. (2 Cook

on Corp. [7th ed.] § 629; *Veling* v. *American, etc.,* 72 N. J. Eq. 32; *Green* v. *Bennett,* 110 S. W. Rep. 108; *Elkins* v. *Camden,* 36 N. J. Eq. 5; *Hodge* v. *U. S. Steel Corp.,* 64 N. J. Eq. 111; *Toler* v. *East Tennessee,* 67 Fed. Rep. 168; *Guardian Trust Co.* v. *White Cliffs,* 109 Fed. Rep. 523; *Morris* v. *Tuthill,* 72 N. Y. 575; *Pollitz* v. *Wabash,* 150 App. Div. 709.) The complaint here shows that the defendants, the individual directors of the defendant corporation, had ample and sufficient reason for passing the resolution and calling the meeting of the stockholders. (*Hitch* v. *Hawley,* 132 N. Y. 212; *Gamble* v. *L. C. W. Co.,* 123 N. Y. 91; *Windmuller* v. *Standard,* 114 Fed. Rep. 491; *Riker* v. *United Drug Co.,* 79 Atl. Rep. 1044.)

COLLIN, J. The plaintiff, a minority stockholder in the defendant corporation, seeks a judgment enjoining the individual defendants, as directors of and majority stockholders in the corporation, from continuing the proceeding instituted, by the resolution of the directors, under section 221 of the General Corporation Law (Cons. Laws, ch. 23) to dissolve the corporation and declaring void the resolution. The Special Term, upon the application of the defendants, made upon the pleadings, by its order, which the Appellate Division has affirmed, dismissed his complaint. The question certified to this court by the order of the Appellate Division permitting the appeal is: "Does the complaint state facts sufficient to constitute a cause of action?"

The facts alleged in their substance and effect are: In December, 1912, the plaintiff and the defendants Kavanaugh organized, under the laws of this state, the defendant corporation, as a business corporation, with themselves as equal owners of the authorized three thousand shares of its capital stock, and its sole directors. Such ownership of the stock shares has remained except the defendant Frederick W. Kavanaugh transferred on

February 28, 1918, five shares to the defendant Button, qualifying him for directorship  The corporation has been exceedingly prosperous; Charles H. Kavanaugh has continuously been its president, Frederick W. Kavanaugh its secretary and treasurer until February, 1918, and, until May, 1917, the plaintiff its vice-president.  In May, 1917, at a special meeting of the stockholders, caused by the defendants Kavanaugh to be called for the purpose, the by-laws were so amended as to provide that a majority, instead of all, as originally provided, of the directors should constitute a quorum at any meeting of the directors, and the board of directors by a majority vote could remove any officer of the company, either with or without cause, at any regular or special meeting of the board; the last provision was adopted by the votes of the defendants Kavanaugh with the avowed purpose of forcing the plaintiff to resign, under threat of removal, from the office of vice-president.  The plaintiff thereupon resigned as vice-president.  At a regular meeting of the board of directors in June, 1917, the defendants Kavanaugh adopted a resolution whereby the compensation of each of the president and the secretary and treasurer was fixed at twenty per cent of the corporate net earnings to date from January 1, 1917, before charging of any sum for depreciation of corporate property, that is, for the year 1917 at eighty-nine thousand five hundred twenty-six and twenty one-hundredths dollars.  The plaintiff had not knowledge or notice of the adoption of this resolution until about January 30, 1918.  At the annual meeting of the stockholders in January, 1918, the defendants Kavanaugh elected the individual defendants directors.  The defendant Button then was not a stockholder in, and for some years previous had been a bookkeeper for, the corporation.  Thereupon Frederick W. Kavanaugh was elected vice-president and treasurer and Button secretary of the corporation and the compensation to the president, Charles H.

Kavanaugh, and to the treasurer, Frederick W. Kavanaugh, of the year 1917 was continued for the year 1918. Upon the demand of the plaintiff that the resolutions so fixing the compensation be rescinded the defendants Kavanaugh caused a resolution to be adopted at a special meeting of the stockholders approving the resolutions fixing the compensation to Frederick W. Kavanaugh, except the compensation for 1917 should be calculated from June 11, 1917, instead of from January 1, 1917. Frederick W. Kavanaugh did not vote the nine hundred ninety-five shares owned by him. The five shares transferred by him to Button and the one thousand shares owned by Charles H. Kavanaugh were voted in favor of the resolution. The shares of the plaintiff were voted against it. No action was taken concerning the compensation of Charles H. Kavanaugh. The compensation so voted is unfair and unreasonable and enormously greater than is paid for similar services by similar or greater corporations. On April 15, 1918, the plaintiff began an action in the Supreme Court against those who are the defendants in this action to secure a judgment which, among other things, would declare void the resolutions fixing, and enjoin the payment of, the compensation so voted, or any compensation in excess of such sum as represented the reasonable and fair value of the services rendered by Charles H. Kavanaugh and Frederick W. Kavanaugh, respectively. On April 26, 1918, the individual defendants at a meeting of the board of directors instituted the proceedings provided by section 221 of the General Corporation Law to dissolve the corporation. The directors then well knew the corporation was exceedingly prosperous and making enormous net profits; the corporation had contracts on hand for the year 1918, the performance of which would call for practically the entire output of its plant and the net profit would in all likelihood be equal to, if not in excess of, the net profit for the year 1917.

The board of directors did not adopt the resolution instituting the dissolution proceeding as the result of or through a *bona fide* and honest consideration of the facts affecting the general interests of the corporation and its stockholders, but in affirmative bad faith and for the sole purpose of permitting the defendants Charles H. Kavanaugh and Frederick W. Kavanaugh to dissolve the same against the will and desire of the plaintiff and for the purpose of depreciating the value of the corporate property and of the plaintiff's proportional interest therein.

The provisions of section 221 of the General Corporation Law under which the board of directors of the defendant corporation have acted are: " Any stock corporation, except a moneyed or a railroad corporation, may be dissolved before the expiration of the time limited in its certificate of incorporation or in its charter as follows: 1. The board of directors of any such corporation may at a meeting called for that purpose, upon at least three days' notice to each director, by a vote of a majority of the whole board, adopt a resolution that it is in their opinion advisable to dissolve such corporation forthwith, and thereupon shall call a meeting of the stockholders for the purpose of voting upon a proposition that such corporation be forthwith dissolved." The other parts of the section provide elaborately for the meeting of the stockholders; the filing in the office of the secretary of state the consent that such dissolution shall take place, " if at any such meeting the holders of two-thirds in amount of the stock of the corporation, then outstanding, shall, in person or by attorney, consent that such dissolution shall take place and signify such consent, in writing " and the effecting of the dissolution and the complete winding up of the corporate affairs. The complaint does not allege the duration in time of the corporation as limited in its certificate of incorporation, pursuant to the statute. (Business Corp. Law [Cons.

Laws, chapter 4], section 2.)    The allegations, however, clearly support the inference, and the briefs and argument of counsel assume, that the time thus limited had not expired.    The plaintiff does not complain concerning the regularity, in form, of the proceeding and the resolution of April 26, 1918.    He avers that the resolution was adopted by the board of directors in bad faith and with and because of the intention to free the corporation of the plaintiff and of all right on his part in the business in which the corporation was engaged.    We are, therefore, to consider at the outset whether or not the legislature, in enacting the statute, intended that the directors shall proceed at the meeting of the board in good faith and in or through the honest belief that the action of the board is and will be beneficial and profitable to the corporation and stockholders.

The language of the statute, in connection with thoroughly established and familiar principles of law, begets the belief that the legislature did so intend and enact.    We do not deem it susceptible of the opposite meaning.    It contemplates and enacts that the majority of the whole board shall be of the opinion, or in equivalent other words, shall believe upon the evidence within the range of their official duties, that it is advisable to dissolve the corporation forthwith.    The meaning and effect of the word " advisable " in this statute is not uncertain.    The dissolution of the corporation was not advisable unless it was wise and prudent.    That is " advisable " which is expedient, prudent and proper to be done, and, therefore, proper to be advised to be done.    Its synonyms, according to Webster, Worcester and the Century Dictionary, are " expedient," " proper," " desirable," " prudent," " wise," " best."    (Barrett v. Bloomfield Savings Institution, 64 N. J. Eq. 425, 441.)    The directors, in reaching their belief, cannot consider or give weight to their personal wishes, comfort or advantage.    Whether or not the dissolution is wise or expedient for themselves as apart

from the corporation or any or all of the other stockholders
they can neither question nor determine. Their action
must be based upon the belief that the interests and
welfare of the corporation and the stockholders generally
will be promoted by the dissolution. The belief may be
erroneous or ill-founded, but it must be formed in good
faith. These conclusions spring, through necessary impli-
cation, from the language and purpose of the statute, and
are upheld by the established principles. It is incon-
ceivable that the legislature intended that the directors,
in considering and adjudging the advisability of the
dissolution, might consider and hold as a basis in whole
or in part for their judgment their own individual desires
or interests or the mere unfriendliness or antagonism
between themselves and others of the stockholders. The
prerogatives and functions of the directors of a private
business corporation are sufficiently defined and estab-
lished. The affairs of the corporation shall be managed
by its board of directors. The relation of the directors to
the stockholders is essentially that of trustee and *cestui
que trust.* The directors are bound by all those rules of
conscientious fairness, morality and honesty in purpose,
which the law imposes as the guides for those who are
under the fiduciary obligations and responsibilities. They
are held, in official action, to the extreme measure of
candor, unselfishness and good faith. Those principles
are rigid, essential and salutary. (*Pollitz* v. *Wabash
R. R. Co.*, 207 N. Y. 113, 124.) There is not in the
language or context of, or in the conditions and cir-
cumstances surrounding, the enactment or purpose of the
section 221 a word or fact which suggests that the legis-
lature intended the withdrawal of its provisions or the
pursuant acts of the directors from those principles.
Rather is it true that the language of the section clearly
indicates, as we have already intimated, that the powers
of the directors must be submissive to and controlled by

13

them.    The resolution of the board of directors, in order that it be legal, must be the embodiment in language of the opinion or judgment of the board, attained in good faith and through honest intention and endeavor, that, having in view the welfare and advantage of the corporation and the stockholders generally, it is wise and expedient that the corporation be forthwith dissolved. The unwisdom or incorrectness of the opinion or judgment does not affect its validity or integrity.    The fact that the dissolution may not be beneficial or may be injurious to a stockholder or stockholders because of reasons or facts not common to the stockholders generally need not be considered by the directors.    The  law, as well as ordinary justice and sound business policy, requires that the existence of the corporation should not be attacked, within the period fixed by its charter, by its board of directors acting in bad faith, fraudulently or through the intent to punish or oppress a stockholder because he defends himself in the courts or otherwise against their illegal and unfair acts relative to the corporation or because of any other reason.

In the case at bar the persons whose votes as directors adopted the resolution advising the dissolution of the corporation are stockholders, holding two-thirds of the stock of the corporation.    Undoubtedly no trust relation ordinarily exists between the stockholders themselves or between the stockholders and the corporation, because the stockholders, ordinarily, are strangers to the management and control of the corporation business and affairs. The  directors,  generally  speaking,  are  the  exclusive executive  representatives  of  the  corporation  and  are charged with the administration of its internal affairs and the management and use of its assets.    The ordinary trust relation of the directors to the corporation and stockholders is not a matter of statutory law, or of technical law.    It springs from the fact that the directors have the control and guidance of the corporate business,

affairs and property, and, hence, of the property interests of the stockholders. Equity, at least, recognizes the truth that the stockholders are the proprietors of the corporate interests and are ultimately the only beneficiaries thereof. Those interests are, in virtue of the law, intrusted, through the corporation, to the directors and from that condition arises the trusteeship of the directors with the concomitant fiduciary obligations. The section 221 imposes upon the stockholders the ultimate determination of the important question whether or not the corporation shall be dissolved forthwith. The stockholders are bound to determine and control this particular part of the corporate affairs, in regard to which they occupy a relation of trust as between themselves and the corporation, and are burdened and restricted by fiduciary obligations. When a number of stockholders constitute themselves, or are by the law constituted, the managers of corporate affairs or interests they stand in much the same attitude towards the other or minority stockholders that the directors sustain, generally, towards all the stockholders, and the law requires of them the utmost good faith. (*Farmers Loan & Trust Company* v. *New York & Northern Railway Co.*, 150 N. Y. 410, 430; *White* v. *Kincaid*, 149 N. C. 415; *Ervin* v. *Oregon Ry. & Nav. Co.*, 27 Fed. Rep. 625.) In taking corporate action under the statute, the stockholders are acting for the corporation and for each other and they cannot use their corporate power in bad faith or for their individual advantage or purpose. (*J. H. Lane & Co.* v. *Maple Cotton Mills*, 226 Fed. Rep. 692.) In the instant case the consent of those who constitute the board of directors, expressed at the meeting of the stockholders held under the statute, in favor of the dissolution, will effect it. Ordinary intelligence does not permit the presumption that they hold two contradicting and mutually destructive opinions or that they as stockholders would destroy the

proceeding which they as directors had instituted. The trust relation will rest upon them in the meeting of the stockholders and will be violated, in the absence of restraint, by the bad faith, the self interests and wrongful intent which the complaint avers induced their action as directors.

A court of equity will protect a minority stockholder against the acts or threatened acts of the board of directors or of the managing stockholders of the corporation, which violate the fiduciary relation and are directly injurious to the stockholders. The statute empowers the directors and stockholders, under the prescribed procedure, to dissolve the corporation. The plaintiff took his stock subject to the provisions of the statute. Judicial authority does not extend to enjoining the exercise of a right conferred by legislative authority. The courts cannot pass upon the question of the expediency of the dissolution, for that is the very question which the legislature has authorized the board of directors and the stockholders to decide. They can, however, and will, whenever the facts presented to them in the appropriate action demand, inflexibly uphold and enforce, in accordance with established equitable principles, the obligations of the fiduciary relation. The good faith of the individual defendants is a proper and fundamental subject to be adjudged. Bad faith, fraud or other breach of trust constitutes a foundation for equitable relief. (*Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *Schwab* v. *Potter Co.*, 194 N. Y. 409; *J. H. Lane & Co.* v. *Maple Cotton Mills*, 226 Fed. Rep. 692; *White* v. *Kincaid*, 149 N. C. 415; *Cantwell* v. *Columbia Lead Co.*, 199 Mo. 1, 42; *Glenn* v. *Kittanning Brewing Co.*, 259 Penn. St. 510; *Gamble* v. *Queens County Water Co.*, 123 N. Y. 91.)

In *Hawes* v. *Oakland* (104 U. S. 450, 453) it is said: " That the vast and increasing proportion of the active business of modern life which is done by corporations should call into exercise the beneficient powers and flex-

ible methods of courts of equity, is neither to be wondered at nor regretted; and this is especially true of controversies growing out of the relations between the stockholder and the corporation of which he is a member. The exercise of this power in protecting the stockholder against the frauds of the governing body of directors or trustees, and in preventing their exercise, in the name of the corporation, of powers which are outside of their charters or articles of association, has been frequent, and is most beneficial, and is undisputed."

The respondents argue that the complaint fails to state a cause of action because it fails to state facts composing fraud on the part of the directors. In this they err. It is apparent that the cause of action sought to be alleged has not as a constituent deceit or actual fraud practiced and effected by the board of directors in regard to the corporation, by which the plaintiff is to be wronged. The plaintiff's complaint is that the individual defendants who were the board of directors did not form the opinion that it was advisable to dissolve the corporation forthwith in good faith and through honest intention and endeavor. We need not state a detailed analysis of the contents of the complaint. Obviously, facts are alleged which permit, if they do not compel, the inference that the directors conceived and progressed the scheme of dissolving the corporation, irrespective of the welfare or advantage of the corporation and of any cause or reason related to its condition or future, through the desire and determination to take from the corporation and to secure to themselves the corporate business freed from interference or participation on the part of the plaintiff. Moreover, allegations of the complaint are, in effect, that the judgment or opinion of the directors was not honest, their action was not the result of good faith, the exercise of an honest judgment and an honest and unbiased consideration of any fact or circumstances affecting the general interests of the corporation and of all of its stockholders,

and was in bad faith and for the sole purpose of permitting the individual defendants Kavanaugh to dissolve the corporation for the purpose of depreciating the value of the corporate property and the plaintiff's proportionate interest therein. Those allegations are matters of fact. Good faith or bad faith as the guide or the test of fiduciary conduct is a state or condition of mind — a fact — which can be proved or judged only through evidence. The intent or unconscientious indifference is the vitality of each. Motive and intent are not, in law, synonymous. As was said by Judge WERNER in *People* v. *Molineux* (168 N. Y. 264, 297): " In the popular mind intent and motive are not infrequently regarded as one and the same thing. In law there is a clear distinction between them. Motive is the moving power which impels to action for a definite result. Intent is the purpose to use a particular means to effect such result." (See *People ex rel. Hegeman* v. *Corrigan*, 195 N. Y. 1, 12; *Baker* v. *State*, 120 Wis. 135.) Good faith or bad faith or intent when constituent and essential in a cause of action or defense is a fact and may be alleged and proved as such. (*Kain* v. *Larkin*, 141 N. Y. 144; *Clift* v. *White*, 12 N. Y. 519, 538; *Fisk* v. *Inhabitants of Chester*, 74 Mass. 506.)

The orders should be reversed, with costs in all courts, and motion denied, with costs, and the questions certified answered in the affirmative.

HISCOCK, Ch. J., CHASE, CUDDEBACK, HOGAN, McLAUGHLIN and CRANE, JJ., concur.

Orders reversed, etc.