ST. JOHN OF VIZZINI, etc., Plaintiff, *v.* MATTEO CAVALLO and Another, Defendants.

Supreme Court, New York County, April 29, 1929.

*W. Lurie*, for the plaintiff.

*F. R. Seri*, for the defendants.

COTILLO, J. The question here is whether the provisions of section 55 of the Membership Corporations Law adopted in 1926, permitting the dissolution of a membership corporation by a two-thirds vote, is retroactive and should be deemed to supersede a provision in the by-laws adopted prior to the effective date of the statute, whereby the name of the society could not be changed or its existence terminated as long as ten members in good standing intend to administer its affairs and continue its existence.

The general rule is that a by-law which contravenes the statute is ineffective. Prior to 1926 there was no provision for dissolution of a membership corporation without judicial proceedings. Thereafter section 55 was passed, permitting a voluntary dissolution by a two-thirds vote. There is no contention that this is a mandatory statute to carry out a public policy with reference to the regulation of corporations. If it were, it would supersede not only pre-existing by-laws, but also the provisions of the particular certificate of incorporation. It is, of course, elementary that such mandatory provisions would have retroactive effect; but the rule is otherwise with permissive statutes. (See *Matter of Boulevard Theatre &*

*Realty Co.,* 195 App. Div. 518; affd., 231 N. Y. 615, where this distinction is emphasized.)

A statute which permits voluntary dissolution by a two-thirds vote is not a mandatory one involving public policy. It does not, therefore, have the effect of abrogating the prior by-laws, which provide for the continued existence of the corporation so long as ten members desire it, and on the faith of which members are deemed to have joined the association. The acts of the majority in violation of their contractual obligation are, therefore, invalid and are not given the status of legality by the permissive statute passed by the State subsequent to the adoption of the by-laws.

Moreover, even acting in accordance with the letter of the statute the two-thirds majority must act in the utmost good faith (*Kavanaugh* v. *Kavanaugh Knitting Co.,* 226 N. Y. 185), and it is extremely doubtful whether their conduct to the minority displays such good faith.

The motion for judgment on the pleadings is, therefore, granted in favor of the defendants. Submit decision and interlocutory judgment in accordance with the terms of the stipulation between the parties.