Charles B. Ripley et al., Individually and as Stockholders of International Railways of Central America, Suing on Behalf of Themselves and All Other Stockholders of Said Corporation, and for the Benefit of Said Corporation, Plaintiffs, *v.* International Railways of Central America et al., Defendants.

Supreme Court, Special Term, New York County, December 2, 1949.

*Roy L. Steinheimer, Jr.,* for International Railways of Central America, defendant.

*Theodore Kiendl, Porter R. Chandler, Peter O. A. Solbert* and *David A. Lindsay* for United Fruit Company, defendant.

*T. Roland Berner* and *Aaron Lewittes* for Charles B. Ripley, plaintiff.

COHALAN, J. Defendants move to strike the complaint in this stockholders' derivative action in which issue has not yet been joined on the ground that insufficient facts are stated. The complaint charges that the defendant fruit corporation controls the defendant railroad company and in the exercise of its control kept the tariffs for the carriage of the fruit company's produce at a low rate to the damage of the railroad corporation. Specifically it is alleged " Since January 1, 1939 International has effected large increases in its rates for carrying commodities other than bananas and during this period United * * * effected large increases in the prices received * * * for bananas. During this period prudent and honest management required that there also be substantial increases in the rates charged by International for the carriage of bananas " and " United * * * exercised its control * * * over International to prevent it from increasing its rates on banana traffic ". Clearly these allegations could be alleged in less conclusory and more factual form. Indeed, ordinarily, it might well be said that their form is such that they would come within the condemnation expressed in *Kalmanash* v. *Smith* (291 N. Y. 142). Here, however, before answering, defendants obtained an order directing plaintiffs to serve a bill giving as particulars the facts with reference to the claimed unfair, imprudent tariffs. Plaintiffs' bill did not comply with the order. On the motion to preclude, the plaintiffs were permitted to state their lack of the required information under oath. An issue exists as to the availability of such data. Plaintiffs' counsel states in an affidavit that an agreement

between defendants dated January 1, 1939, contains the data which will show the unfairness of the tariffs and that the defendants have refused an inspection of this agreement. An officer of the defendant railroad in an answering affidavit flatly denies that the agreement of January 1, 1939, is controlling and alleges that there have been a series of agreements and that those now current have been examined by plaintiffs' attorney. Faced with such a situation the court will deny the motion to dismiss without prejudice to a renewal after plaintiffs have completed their examination before trial and have had an opportunity to complete their bill of particulars.

Alternatively, defendants seek to dismiss the complaint on the grounds that the Statutes of Limitations provided in subdivision 7 of section 49 and subdivision 8 of section 48 of the Civil Practice Act bar this action. It is quite clear that if the cause stated is based on waste or injury to property that the damage sustained beyond three years is barred. It is likewise clear that the draftsman of the complaint has not pleaded the type of fraud in the contemplation of subdivision 5 of section 48 of the Civil Practice Act for no attempt has been made to charge the common-law type of fraud, the elements of which are contained in *Reno* v. *Bull* (226 N. Y. 546). The court is cognizant too of the cases *Brick* v. *Cohn-Hall-Marx Co.* (276 N. Y. 259), etc., enumerating the rule that in determining the applicable statute recourse must be to the type of action actually pleaded as distinguished from that indicated by the type of relief asked. Applying this rule it seems clear that the attempt to bring the cause as presently stated within section 56 of the Civil Practice Act is fruitless. It is not so clear, however, that equitable relief will not be required by way of rescission and reformation and in the present state of the cause the court will not, in the absence of the facts which will appear on the trial, indulge in any speculation as to the true nature of the cause (*Nasaba Corp.* v. *Harfred Realty Corp.*, 287 N. Y. 290, 296). Leave is granted defendants, however, to plead those Statutes of Limitations which they may be advised bar this action.

The alternative relief sought under section 61 of the General Corporation Law, is granted. Plaintiffs' contention that the language in the first paragraph of section 61: "An action may be brought for the relief prescribed in section sixty of this chapter" limits the application of section 61 to those derivative actions instituted against directors or officers of corporations

as provided for in section 60, is overruled. The intent of section 61 is to limit the institution of these actions to those who held stock when the alleged wrong occurred.

The relief sought under section 61 of the General Corporation Law, is likewise granted to the extent of directing those plaintiffs remaining to post security to cover the reasonable expenses of the defendant railroad company. No such relief is asked as to the defendant fruit corporation. Counsel are requested to submit memoranda as to the amount of security on the settlement of the order which is hereby directed. The order shall contain a provision granting plaintiffs leave to plead anew.