Per Curiam.

The complaint, standing by itself, states a cause of action which is not destroyed by plaintiffs’ bill of particulars or supplemental bills of particulars. Neither does the sufficiency of the complaint depend upon its being amplified by any bill of particulars yet to be served. Enough facts are alleged in the complaint to indicate that defendant United Fruit Company is in practical control of defendant International Railways of Central America, and stands in a fiduciary relationship to International as respects the latter’s minority stockholders, insofar as concerns business transactions between International and United. (Farmers’ Loan & Trust Co. v. New York & N. Ry. Co., 150 N. Y. 410; Godley v. Crandall & Godley Co., 212 N. Y. 121; Kavanaugh v. Kavanaugh Knitting Co., 226 N. Y. 185; Chelrob, Inc., v. Barrett, 293 N. Y. 442.) It is alleged that the transportation of bananas has been the single most important item in the business of International, and that most of its banana traffic was handled for United and United’s subsidiaries. The complaint further alleges that during the period from 1939 until 1948 the rates of International were increased substantially for transportation of commodities other than bananas, but that the rates for bananas remained stationary. The interval from 1939 until 1948 is alleged to have been a period of generally rising costs and prices. This freezing of transportation rates on bananas was of manifest advantage to United.
These allegations are enough to call upon defendant United for an explanation in view of its fiduciary obligations to the minority stockholders of International (Sage v. Culver, 147 N. Y. 241; Chelrob, Inc., v. Barrett, supra).
Special Term correctly refused to dismiss the complaint. There was no occasion, however, to grant leave to plaintiffs to serve an amended complaint after the service of a further bill of particulars.
Defendants-appellants’ motion was correctly granted insofar as it asked to dismiss the complaint concerning all transactions which occurred prior to March 12, 1940, under section 61 of the General Corporation Law.
So far as the Statute of Limitations is concerned, this part of the alternative relief sought by defendants should have been granted to the extent of dismissing that portion of the complaint relating to matters alleged to have occurred prior to February 14, 1943, upon the ground that any cause of action based upon such transactions is barred by the six-year Statute of Limitations, but with leave to defendants to plead the three-year Statute of Limitations, in event that the evidence at the trial may develop that any transactions fall within it.
The order appealed from should be modified as above stated, and, as so modified, affirmed, with $20 costs and printing disbursements to appellants.
Glennon, J. P., Dore, Cohn and Van Voorhis, JJ., concur.
Order unanimously modified in accordance with opinion and, as so modified, affirmed, with $20 costs and disbursements to the appellants. Settle order on notice. [196 Misc. 798.]