OPINION. I. Valuation of Stock. Arundell, Judge: The first issue concerns the value of the stock of Combined Argosies Incorporated at the date of the death of the decedent. On this point, the parties have stipulated as follows: In the notice of deficiency the Commissioner, after considering all relevant factors, determined that the value of the shares of the Combined Argosies Incorporated, as of decedent’s death on April 14, 1945, should be equal to the value of the net assets which he determined to be $673,732.00, or $67.3732 per share. The correct net asset value of said corporation as of said date was $596,039.02 or $59.503902 per share. Counsel for the respondent emphasizes that part of the stipulation which says that after considering all relevant factors he made his determination that the value of the shares should be equal to net asset value. The second paragraph of the stipulation sets forth a lower net asset value and the respondent concedes that the value of the stock is no higher than that agreed value. The petitioner objects to valuing the stock in the manner described in the stipulation. The objection is not that the respondent did not consider elements other than book value, but that he did not literally comply with that part of section 81.10 of Regulations 105 which says that where, as here, actual sales prices or bona fide bid and asked prices are not available, “value is to be arrived at * * * upon the basis of the company’s net worth, earning power, dividend paying capacity, and all other relevant factors having a bearing upon the value of the stock.” In view of the wording of the stipulation as to the respondent’s method of determining value, we think that it was incumbent on the petitioner to show what other factors or elements should be taken into consideration and what weight should be ascribed to them. True, it would appear that a value of about $60 is rather high for stock with average earnings of approximately $2 per share over a 5-year period, but the petitioner has not given us any aid in fixing a value other than that stated in the stipulation. Consequently, we cannot say that the stock should be valued for estate tax purposes at less than the stipulated figure of $59.503902 per share. II. Bank Deposits in Domestic Banks. The respondent has included in the decedent’s gross estate the sum of $181,709.07 which was the balance in two checking accounts in the name of the decedent, one in the First National Bank of Boston, and the other in the Chase National Bank. The parties are agreed that the propriety of the inclusion of this sum depends upon whether or not the decedent was “engaged in business in the United States at the time of his death” within the meaning of Internal Revenue Code section 863 (b).[1] On brief, the respondent attempts to support his action by argument that the petitioner was engaged in business through trusted lieutenants and through his stock ownership in Combined Argosies. There is nothing in the evidence to show that directors and officers of Combined Argosies were agents of the petitioner in carrying on the business of that company. The matter of stock ownership as constituting the engagement in business was squarely before us in Estate of Jose M. Tarafa y Armas, 37 B. T. A. 19 (Acq. 1938-1 C. B. 30), and we there held that “The domestication of a corporation does not domesticate its nonresident stockholders to the extent of causing them to be in business in the United States if they are not otherwise engaged in business in the United States.” The evidence abundantly establishes that the petitioner was “not otherwise engaged in business in the United States.” We accordingly hold that the respondent erred in including in decedent’s gross estate the moneys on deposit in the decedent’s checking accounts. III. Credit Balance on Boohs of Combined Argosies. The respondent has included in the decedent’s gross estate the sum of $1,598,010.71 which was the credit balance in the account in the decedent’s name on the books of Combined Argosies, and has allowed as a claim against the estate a prorated amount computed in the ratio that' the gross estate situated in the United States bears to the total gross estate wherever situated. The petitioner attacks such inclusion on the principal ground that the moneys in the account were trust funds held by the decedent for the two Yugoslav corporations, their directors and stockholders, or, in the alternative that the amount of the credit balance consisted of moneys deposited by Combined Argosies for the decedent in domestic banks to which deposits Code section 863 (b) is applicable. Thus, the difference between the parties in reality is whether the decedent was a debtor of the Yugoslav corporations and their stockholders or held the moneys as trustee for them. We think that the respondent’s theory of debtor-creditor relationship is unsound. The decedent’s action in acquiring funds of the two corporations had its origin in the powers of attorney granted to him on April 15, 1940. These powers are extremely broad, and gave authority to the decedent “to charter our steamers, collect freights, deposit and withdraw funds of the Company, make loans with or without mortgage and in general to dispose in the name of the Company of all Company’s accounts * * *.” There is no hint in these powers of attorney of any intent to loan the property of the companies, or the proceeds from the properties, to the decedent. There is no requirement for the payment of interest, as there normally would be in the case of loans, and it does not appear that any demand was made for interest in the accounting for the decedent’s stewardship which occurred in 1946. Corporate directors who come into possession of property of the corporation stand in a fiduciary relationship to stockholders and creditors and are held accountable as fiduciaries. Kavanaugh v. Kavanaugh Knitting Co., 226 N. Y. 185, 123 N. E. 148; Kreitner v. Burgweger, 174 App. Div. 48, 160 N. Y. Supp. 256. That appears to be the situation here. According to the stipulation, the decedent “arranged to keep the funds of said two Yugoslav corporations from the clutches of” the Axis powers. The funds were recognized as belonging to the corporations and the decedent was accountable to them. Consequently, the amount in the decedent’s account at the date of his death was an amount held in trust and is not includible in his gross estate. We recognize that there is some element of conflict in the evidence on this matter. The decedent withdrew from the account funds for personal expenses. He reported to the Treasury Department that the funds were his. On the other hand, there is some evidence that in 1941, acting under his powers of attorney, he declared dividends to the stockholders of the Yugoslav corporations out of the funds in his hands. Further, the executrix of the decedent’s estate had no hesitancy in admitting that the amount on deposit, while in the name of the decedent, in reality was the property of the Yugoslav corporations or their stockholders. We have examined all of the evidence and our conclusion is that the amount on deposit to the credit of the decedent on the books of Combined Argosies was a trust fund, and as such should not be included in his gross estate. IV. Additions and Deductions. The parties have stipulated that there should be an addition to the estate of $78,127.50 from the sum distributed by Jugoslavenski Lloyd because after the decedent’s death it found, that he owned additional shares of the company. They have also agreed that there was an additional liability of the estate in the amount of $42,225.02 representing amounts due to officers and directors of Jugoslavenski Lloyd for services rendered to that corporation. These agreements should be given effect in the recomputations under Rule 50. Decision will he entered v/nder Rule 50. SEC. 863. PROPERTY WITHOUT THE UNITED STATES. The following items shall not, for the purpose of this subchapter, be deemed property within the United States: * ****** (b) Bank Deposits. — Any moneys deposited with any person carrying on the banking business, by or for a nonresident not a citizen of the United States who was not engaged in business in the United States at the time of his death.