In the Matter of TRI-COUNTY MEMORIAL HOSPITAL, Respondent. LEVANT M. HIMELEIN, JR., Appellant; DONALD WIGHTMAN, Respondent.

Fourth Department, July 12, 1957.

*Levant M. Himelein, Jr.,* appellant in person.

*Andrew J. Musacchio* for Tri-County Memorial Hospital, respondent.

*Donald Wightman,* respondent in person.

WILLIAMS, J. This is a proceeding, brought pursuant to section 25 of the General Corporation Law, to review an election of directors of respondent Tri-County Memorial Hospital, a membership corporation. The question presented is whether

the by-laws of such a corporation may validly provide that directors must be members. The Special Term Justice held that such a by-law is inconsistent with section 45 of the Membership Corporations Law and therefore invalid. With that conclusion we must disagree.

The by-laws of the respondent hospital provide that twenty-one "Directors shall be elected by the Corporation from its members", that "Any person may apply for membership in this corporation" and that "Failure to pay annual dues as herein provided will result in loss of membership." It is admitted by the pleadings that the respondent Wightman, the validity of whose election is in issue, was not a member of the corporation at the time of his purported election to its board of directors. If the corporate by-laws be respected, therefore, the individual respondent was not qualified for the office of director. We must turn to the statutes to determine whether any reason exists for denying effect to the by-law requirement that directors be members of the corporation.

Section 20 of the Membership Corporations Law provides, in language appropriate to the broadest grant of power, that the "by-laws of any such corporation may make provisions, not inconsistent with law or with its certificate of incorporation, regulating" its internal affairs in many respects, including "the qualifications of directors". Section 45 of the same statute provides in part: "The directors of a membership corporation other than those named in its certificate of incorporation shall be elected by the members and other persons entitled to vote therefor. The officers shall be chosen as provided by the by-laws. Officers and directors need not be members."

The last-quoted sentence does not render the by-law in issue "inconsistent with law". Section 45 may be misread when its statutory predecessor is not consulted. Before the general revision of the Membership Corporations Law in 1926, the law required that directors of such a corporation should "be elected from among the members" (L. 1909, ch. 40, § 10). Such a requirement was apparently thought by the Legislature to restrict excessively the freedom of membership corporations in the management of their own affairs. Benefits may be derived from the counsel and assistance of nonmembers, and their service upon the board of directors. In 1926, therefore, the statute was amended to provide, as it now does, that "Officers and directors need not be members." (Membership Corporations Law, § 45; L. 1926, ch. 722.) We read the 1926 amendment as freeing membership corporations from the restraint previ-

ously imposed, and not as creating a new restraint. In other words, we believe that the amendment is permissive, not mandatory, and that the by-laws may still validly provide that directors must be members of the corporation which they seek to serve (cf. Stock Corporation Law, § 55).

There is no persuasive reason for a contrary interpretation. This is not " a mandatory statute to carry out a public policy with reference to the regulation of corporations." (*St. John of Vizzini* v. *Cavallo,* 134 Misc. 152, affd. 227 App. Div. 782; see *Matter of Hinds, Noble & Eldredge,* 172 App. Div. 140, 141.) If the Legislature has ever marked out a strong public policy, it was that embodied in the pre-1926 requirement that directors be elected " from among the members ". And even today, section 45 provides in its second paragraph that if a vacancy in the office of director shall not be filled within six months for want of a by-law provision for filling the same, the remaining directors " may appoint a member of such corporation to fill such vacancy," until the next annual election. In other words, when the silence of the by-laws leaves the problem unsolved, then by statutory authority the remaining directors may fill the vacancy by appointing " a member of such corporation ". That is additional evidence, if any were required, that no public policy is offended by the by-law in issue.

Section 20 permits a membership corporation to regulate its internal organization and affairs in numerous respects, including " the qualifications of directors ". The corporation may freely impose a multitude of requirements which bear a far less reasonable relation to capable guidance of its affairs than membership, and it would certainly be anomalous if the corporation were powerless to prevent, by an appropriate provision in its by-laws, the control and direction of its program by non-members or by persons who could not even qualify for ordinary membership.

The order should be reversed and the prayer of the petition granted.

All concur, except VAUGHAN, J. P., and KIMBALL, J., who dissent and vote for affirmance.

Present — VAUGHAN, J. P., KIMBALL, WILLIAMS, BASTOW and GOLDMAN, JJ.

Order reversed on the law, without costs of this appeal to any party, and the prayer of the petition granted.