Thomas A. Aurelio, J.
Defendant, Universal Pictures Company, Inc., moves for dismissal of the second amended complaint for legal insufficiency. The amended complaint was dismissed, the court stating:11 The corporation possesses no cause of action for shift in control, in the absence of allegation of actionable wrong resulting in injury. The claim of detriment by reason of the withdrawal of funds, thus reducing liquidity and the security for the preferred stock is conclusory and again involves a matter of business judgment.” It is alleged in the present complaint that by reason of changing conditions in the motion picture industry and the increasing competitive position of television that Universal’s cash was needed to adjust to the new era and for the production of high budgeted pictures. Such a changeover was, in fact, initiated and the defendants knew or should have known of the pressing need for cash. Nevertheless, the defendants caused a diversion of several million dollars of Universal’s funds to purchases of its own stock and of the codefendant, Decca Records, Inc. At the same time Universal was caused to raise some $20,000,000 on increasing and high rates of interest. It is further alleged that the company was caused to sell at a grossly inadequate price its pre-1948 feature film library for television distribution, although it had a distribution staff and facilities capable of making such distribution and at larger profits. Finally, it is alleged that the company was caused to sell its studio to secure funds to continue the stock purchase program and that such sale was upon improvident terms. The purchase price was $11,250,000, the company taking back a lease for a period of 10 years at a minimum annual rental of $1,000,000 plus $2,000 for every shooting day above 500. There was thus a likelihood of a payment over a period of 10 years in rentals of *447 an amount in excess of the purchase price, which itself was subject to capital gains tax.
On the whole, plaintiff is entitled to maintain the action upon the basis that the allegations of the use of corporate funds in the purchase of capital stock and the raising of funds in relation to its requirements and adaptation through high budget pictures to the competition of television, and in further connection therewith the allegations relating to the sale and leaseback of its studio properties are, for pleading purposes, sufficient to survive the application of the business judgment rule. These allegations support the claim of waste and mismanagement in the controlling stockholder and directors to corporate injury and damage (Kavanaugh v. Kavanaugh Knitting Co., 226 N. Y. 185) and are sufficient, if proved, to raise the issue prima facie whether the acquired control of the subject corporation was exercised in good faith or in breach of jjduciary duty (Abrams v. Allen, 297 N. Y. 52).
Further, the allegations respecting the sale and leaseback are sufficient to sustain the complaint. The alleged facts are sufficient prima facie to warrant inquiry. The need for the property sold is necessarily to be inferred from the leaseback. The 10-year lease provides a rental which equals and could well exceed the purchase price which, as stated, was subject to substantial capital gains tax. The motion is denied.