■ NAT GLUCK, Appellant, v. LEWIS S. ROSENSTIEL et al., Respondents, et al., Defendants.— Order and judgment granting defendants-respondents summary judgment pursuant to CPLR 3212, in stockholders' derivative action, unanimously reversed on the law, with $50 costs and disbursements to abide the event, the judgment vacated and motion for summary judgment denied, without prejudice, however, to renewal of the motion on fuller papers or following examination before trial of defendants-respondents, if such examinations should be obtained. Significant although it may be that the corporate tender for purchase of the corporation's publicly held shares, at a price substantially in excess of the market price that had prevailed for a significantly long period before the tender, was made only after obtaining the favorable advice of investment bankers and legal counsel, it is not conclusive on the issue of good faith and the exercise of business judgment on behalf of the corporation. At least this is so, so long as the grounds for these opinions are not suggested or developed in the motion papers. Hence, summary judgment should not have been granted (cf. *Lawrence* v. *Decca Records,* 27 Misc 2d 445, 447). Moreover, such a tender, as is alleged in the complaint in this case, may constitute a special circumstance sufficient to entitle plaintiff to an examination before trial (cf. *Pearson* v. *Rosenberg,* 22 A D 2d 225; 3 Weinstein-Korn-Miller, N. Y. Civ Prac., par. 3101.17). Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.

■ In the Matter of NANCY MUSSIO, Respondent-Appellant, v. JOHN A. MUSSIO, Appellant-Respondent.— Order entered December 13, 1965, directing respondent to pay $200 per month for the support of the two minor children, unanimously modified, on the law and on the facts, to the extent of granting petitioner counsel fees of $250, and, as so modified, affirmed, without costs or disbursements. In view of the finding of the trial court that petitioner was entitled to counsel fees, the order should have provided for same. Concur — Breitel, J. P., McNally, Stevens and Eager, JJ.

■ In the Matter of the Probate of the Will of JOSEPH VILLANI, Deceased. PATSY VILLANI et al., Appellants; JOSEPH COHEN, as Administrator C. T. A. of the Estate of JOSEPH VILLANI, Deceased, and Executor of MARIA VILLANI, Deceased, Respondent.— Decree admitting will to probate unanimously reversed, on the law and the facts, with $50 costs and disbursements to abide the event, and the matter remanded for a new trial on the issue of testamentary capacity. The contestants objected to the probate of the will on the grounds of improper execution, fraud, undue influence and lack of testamentary capacity. After taking the testimony the Surrogate directed a verdict in favor of the proponents admitting the will to probate. On the issue of fraud there was no evidence at all. The subscribing witness, who testified to irregularities in the execution of the will, had suffered a cerebral hemorrhage before the trial and his testimony was so contradictory that it could only be concluded that he had no recollection at all of the events he was called to testify to. No undue influence was established by proof of facts but only as a conclusion from the testamentary dispositions made, which incidentally were in no way remarkable as contrary to the normal disposition to the natural objects of the testator's bounty. So on these issues we agree with the determination made by the court below. On the question raised as to the testator's capacity, there was sufficient evidence to present an issue for the jury to pass upon. Concur — Rabin, J. P., Stevens, Eager and Steuer, JJ.