■ BONNIE BRIAR COUNTRY CLUB, INC., Respondent, v BONNIE BRIAR SYNDICATE, INC., et al., Appellants. [687 NYS2d 662] —In an action, *inter alia*, for a judgment declaring a stock purchase invalid because of the defendants' alleged breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Westchester County (Rosato, J.), entered January 13, 1998, which granted the plaintiff's motion for partial summary judgment on the fourth cause of action, which was to declare the stock purchase invalid.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

Contrary to the court's conclusion, the issue of whether the defendants breached their fiduciary duty to the plaintiff cannot be determined as a matter of law on a summary judgment motion. "Determinations as to whether the activities of defendants were undertaken in good faith for a legitimate corporate purpose and whether other means were available depend not only on an analysis of the objective facts but as well in part on an appraisal of defendants' motives, involving as [they] will issues of credibility. 'Good faith or bad faith as the guide or the test of fiduciary conduct is a state or condition of mind—a fact—which can be proved or judged only through evidence'" (*Schwartz v Marien,* 37 NY2d 487, 493, quoting *Kavanaugh v Kavanaugh Knitting Co.,* 226 NY 185, 198). Thus, the Supreme Court erred in granting the plaintiff's motion.

The plaintiff's remaining contention is without merit. Ritter, J. P., Altman, Friedmann and Goldstein, JJ., concur.