AMERICAN AND BRITISH MANUFACTURING COMPANY, Plaintiff, *v.* JOSEPH H. HOADLEY et al, Defendants.

(Supreme Court, New York Special Term, October, 1916.)

Equity — action in — corporations — injunctions — fraud — contracts — motions and orders — insolvency — when motion for injunction and receiver granted.

In an action in equity brought by a subsidiary corporation of a foreign corporation, both controlled and managed by defendant H, based upon allegations of fraud made against him and a third corporation of which he was president and several

others former directors of plaintiff, the moving papers on a motion for an injunction and a receiver *pendente lite* alleged that notes and other assets of plaintiff to the amount of $500,000 were fraudulently and illegally appropriated by H, or by the officers of the corporation of which he was president, and it appears that at the annual meeting (August 2, 1916) of the foreign corporation he so dominated its board of directors that it turned over to him or the corporation of which he was president $30,000 in cash, demand notes in the sum of $121,610.38 and accounts receivable of the corporation aggregating in amount $198,389.62, and as alleged security $100,000 in certain bonds in the possession of plaintiff and about $50,000 of its own bonds then in its treasury; that on the same day $350,000 was credited on the books of the plaintiff to a certain account and was stated to be in payment of a commission for securing a certain construction contract obtained in 1907, pursuant to a resolution of plaintiff's board of directors dated in 1911, and that no consideration whatever was received on August 2, 1916. Held, that pending the determination of the issues in the action the protection of plaintiff was the sole question for consideration, and, it appearing that H was insolvent, the motion should be granted.

APPLICATION for an injunction and a receiver *pendente lite.*

Satterlee, Canfield & Stone, for plaintiff.

Max D. Steuer, for defendants.

COHALAN, J. Application for an injunction and a receiver *pendente lite.* The action is in equity and is based upon allegations of fraud made against Joseph H. Hoadley, the Cramp-Hoadley Company, of which he is president, and Alfred H. Hoadley, George E. Bouchie, William E. White and Edward W. Bleasdale, former directors of the plaintiff corporation. It is alleged in the moving papers that on August 2, 1916, notes and other assets of the plaintiff to the amount of $500,000 were fraudulently and illegally appropriated by Joseph H. Hoadley or by the officers of the Cramp-Hoadley Company. The prayer for relief asks

that this property be returned to the plaintiff; that the notes be delivered up and canceled; that there be an accounting; that an injunction issue to restrain the further and illegal transfer or use of this property, and that a receiver be appointed to conserve the assets of the plaintiff pending the determination of this action. The plaintiff company is a subsidiary corporation of the International Power Company, which was organized in the state of New Jersey. These respective corporations were controlled and managed by Joseph H. Hoadley, although his holding of stock in the plaintiff corporation has been inconsiderable. A receiver has been appointed on the grounds of insolvency and mismanagement of the International Power Company in the state of New Jersey. It is asserted herein that out of that company Joseph H. Hoadley, in money and assets, has taken the aggregate sum of nearly $1,500,000. Joseph H. Hoadley has since been eliminated therefrom through the purchase by Messrs. Fisk and Leach of his former interest in that company. After the New Jersey receivership had been instituted an ancillary receiver was appointed in the state of New York. He took possession in his own name of the certificates of stock of the American and British Manufacturing Company belonging to the International Power Company. On June 16, 1916, he procured an order from the Supreme Court of this state directing him to give a proxy to the New Jersey receiver to vote at its annual meeting all of the stock of the plaintiff company. Having received authority from the chancellor of New Jersey, on August 2, 1916, a new and different board of directors of the corporation was elected, and it is now in the control of the affairs of the company. They allege that when they went into possession of the corporation they found this state of facts: That on the day of the annual meeting

Joseph H. Hoadley so dominated the board that it turned over to him, or the Cramp-Hoadley Company, the sum of $30,000 in cash, demand notes of the company in the sum of $121,610.38, accounts receivable aggregating the sum of $198,389.62, and as alleged security $100,000 worth of Long Acre bonds, then in the possession of the plaintiff, and $50,000 worth of the plaintiff's own bonds, then in its treasury, making a total of $500,000; that on August 2, 1916, the amount of $350,000 was credited on the books of the plaintiff to "Patent Rights and Property Account," and it was stated to be in payment of a commission for securing a certain construction contract; that this payment was made pursuant to a resolution of the directors, dated the 10th day of August, 1911, the construction contract having been obtained in the fall of 1907, and that no consideration whatsoever was received on the 2d day of August, 1916. It is this transaction that is the subject of attack in this proceeding. The acts of these directors seem to have been founded upon no effort to safeguard the affairs of this corporation. There is justification for the claim that these directors, selfishly and without regard for the welfare or interest of the corporation, took advantage of their position and illegally transferred and appropriated the most valuable assets of the company. The claim, therefore, is substantial that there should be relief for the protection of the interests of the plaintiff and to prevent it from suffering irreparable injury. The defendants, it is true, assert that the action of the board on August 2, 1916, constituted a legal transaction. It is claimed that five years prior thereto the board of directors adopted a resolution approving an obligation to pay the sum of $350,000 for obtaining a certain construction contract. In a word, a resolution was adopted in 1911, which purported to vote the sum of $350,000 as

compensation to Joseph H. Hoadley for obtaining a contract procured four years prior to that time. There is a minute in the books made in 1907 by which it appears that the plaintiff and the Long Acre Electric Light and Power Company entered into an arrangement by which the construction work of the latter was to be done by the plaintiff for cost, plus a fifteen per cent profit. There appears in the books of the corporation a record of certain other transactions between the two companies, but there is no evidence that such contracts were in any way connected with the construction contract, and there is nothing to show that any substantial profits have ever been received by the plaintiff company from the contract. The defendants assert that this is a valuable contract, and hence Joseph H. Hoadley should be paid the sum of $350,000 for securing it. Moreover, on this application, they profess to offer that sum to secure the immediate possession of the contract. The value of the contract is not now of great importance; the taking, however, of $350,000 from the treasury of the plaintiff corporation is a matter of much importance. The papers herein show that Joseph H. Hoadley was not entitled to compensation for procuring the contract, because as the president of the parent company of both corporations he was required to do everything he could for the advancement of their interests. He received for many years a salary of $20,000 per annum from the International Power Company, and it is alleged he was also well paid for his services as president of the parent company of the Long Acre Company, which was the Manhattan Transit Company. The claim is made that it would appear as though he had been president of the plaintiff and also the president of the Long Acre Company. In brief, that he made a contract between his two companies, from both of which he was receiving

full compensation for his services, and that four years after the contract was executed he suddenly decided to charge them for commissions the substantial sum of $350,000. These facts are not seriously disputed by the defendant Joseph H. Hoadley; that he represented both sides to the contract, and that he was paid large salaries for serving both parties thereto is unquestioned. If he were not entitled to any further compensation, then the plaintiff corporation is proceeding aright in this application, and the entire transaction complained of should be set aside as a fraudulent one. Many extraneous matters have been introduced on this application, but pending the determination of · the issues herein I believe that the protection of the plaintiff's rights is the sole question for consideration upon this motion. That the defendant Joseph H. Hoadley is insolvent is undoubted. If his responsibility and his solvency were unquestioned and undisputed there might be serious objections raised against the remedy of injunction and receivership. On the plaintiff's showing, however, I am constrained to hold that it is entitled to the relief prayed for herein.

Motion granted.