HOWARD MAJOR, Plaintiff, *v.* AMERICAN MALT AND GRAIN COMPANY et al., Defendants.

(Supreme Court, Kings Special Term for Motions, January, 1920.)

Corporations — dissolution of — stockholders' actions — pleading — trustees — when demurrer sustained.

> Courts will not interfere with the power belonging to majority stockholders to pass upon the advisability of the dissolution of the corporation, but the majority interests of a corporation occupy a fiduciary relation toward it and the minority stockholders and are required to exercise the utmost good faith, and equity will grant relief for bad faith, fraud or other breach of trust.
>
> A complaint in a stockholder's action which alleges that all of the individual defendants, by a wrongful application of

two-thirds of the voting power of a foreign corporation, which they hold by virtue of proxies in the hands of one of their number, and in the use of which they owed a fiduciary obligation to the corporation and the minority stockholders, entered into a conspiracy to bring about a dissolution and liquidation of the corporation and a diversion of its property to another foreign corporation organized by them for their own benefit, states a cause of action for an accounting, provided that plaintiff has the right to sue as a stockholder.

The complaint alleged that the first corporation was dissolved and that liquidating trustees were appointed in the dissolution proceeding. *Held,* that the property involved in the action being within this state, the court had jurisdiction, and that, assuming that the trustees were properly appointed, the further allegation that they were discharged was a conclusion of law not admitted by demurrer, and it must be assumed that they continued to act and plaintiff could maintain the action only upon proof of a demand upon defendants to bring it and their failure to act accordingly, the same as he might if the corporation were in existence, and a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action will be sustained.

DEMURRER to complaint.

William P. Maloney, for plaintiff.

Shearn & Hare (Clarence J. Shearn, of counsel), for defendants.

LAZANSKY, J. On an analysis of this complaint, made with no little difficulty, it seems to me the pleader seeks to set up a cause of action, and the one that may be spelled out of it is, substantially, as follows: The individual defendants had control, by virtue of proxies in the hands of defendant Lansdale, of two-thirds of the voting power of a New Jersey corporation; at the instance and for the benefit and the purposes of all of the defendants, Landale voted the dissolution of the New Jersey corporation which was a going concern

with assets in excess of liabilities; several of the defendants were elected liquidating trustees of the New Jersey corporation at the behest of all of the defendants; the New Jersey corporation was liquidated and the trustees in liquidation discharged; the purpose of this dissolution and liquidation, brought about by the defendants, as stated, was not because they were acting in the interest of the New Jersey corporation and its stockholders but because they wanted to and did procure a transfer of considerable of its properties and good will to the defendant corporation organized by the individual defendants under the laws of Delaware, and organized for that purpose; one of the effects of the transaction was that holders of over 50,000 shares of common stock, $100 par value, were " squeezed out " and received no returns for their holdings; plaintiff is the holder of one hundred shares of common stock. Nothing is alleged showing benefit to the individual defendants, except as to a few who were stockholders of the New Jersey corporation, and who, it may be inferred, were benefited because as preferred stockholders they obtained cash and holdings in the defendant corporation. Nor are there allegations from which it may be inferred that there was an inadequacy of price of the transfer by the liquidating trustees to the defendant corporation, although such an allegation seems to be conceded by the learned counsel for the defendants. There is, however, sufficient to justify the inference that the good will was, in effect, transferred without any payment.

These individual defendants by virtue of their voting power were in the same position as majority stockholders. They could use that power for the good or evil of the corporate interest and that of the stockholders. It seems to me they may be held just as accountable as if they actually owned the stock. Courts

will not interfere with the power belonging to majority stockholders to pass upon the advisability of a dissolution. But the majority interests occupy a fiduciary relation toward the corporation and the other stockholders and are required to exercise the utmost good faith, which is a subject for consideration by a court of equity. Relief can be found in equity for their bad faith, fraud, or other breach of trust. *Kavanaugh* v. *Kavanaugh Knitting Co.,* 226 N. Y. 185. This complaint shows that the individual defendants in violation of their *quasi* trust duty have placed the plant, other properties and good will of the New Jersey corporation in the hands of the Delaware corporation without any payment for that good will; they practically made a Delaware corporation out of the New Jersey corporation to the exclusion of the common stockholders. All this was done, not for the best interests of the New Jersey corporation or its stockholders, but was solely and only for the uses and purposes of all of the defendants. The complaint charges the individual defendants with a breach of trust, that is, a wrongful application of power they held and in the use of which they owed a fiduciary obligation to the corporation and the minority stockholders. Having used this power for their own benefit at the expense of the corporation, they are accountable therefor. It makes no difference that the complaint asks for more relief than to which the plaintiff would be entitled. In my opinion, therefore, a cause of action for an accounting is set forth in the complaint, provided the plaintiff has a right to sue as a stockholder.

It is claimed by defendants that this, in any event, is a representative action, and if the corporation were in existence, it would have to bring this action, or in the event of a demand upon and a refusal of its directors to begin the action, plaintiff, as a stockholder and

Supreme Court, January, 1920. [Vol. 110.

as a representative of the corporation, might bring it for himself and others likewise situated. Plaintiff contends it is not a representative action, and says that even if it were, the corporation has been dissolved and the liquidating trustees discharged, and, therefore, the action is properly brought. In my opinion this is a representative action, and if the corporation were in existence or if dissolved it had the power to sue it would be the proper party to bring this action, unless upon demand by plaintiff its directors failed to do so. The distinction between a representative action and one brought by stockholders in their own right is shown in connection with litigation in the courts of this state and in the Federal courts in which the Southern Pacific Railway was a party. *MacArdle* v. *Olcott,* 189 N. Y. 368; *Bogert* v. *Southern Pacific Co.,* 226 Fed. Repr. 500; *Lawrence* v. *Southern Pac. Co.,* 180 id. 822; *Southern Pacific Co.* v. *Bogert,* 250 U. S. 483. In the case last cited it is pointed out that no wrong to the old corporation is complained of but that the minority stockholders claim a right to share in the property of which the majority had rightfully taken control and that, therefore, the old corporation " is in no way interested and would not be even a proper party."

It will be observed that in that case there was no allegation of fraud or other illegal or improper transaction with reference to the corporation or its property as a result of which the latter was diverted from its corporate uses. *MacArdle* v. *Olcott, supra,* was a litigation growing out of the same transaction as the case in the United States Supreme Court, above mentioned, except it appears that the claim of plaintiff was that by fraud and collusion the defendants diverted the property of the corporation, as a result of which the minority stockholders were deprived of

their holdings. The action was brought by stockholders for themselves and others similarly situated in behalf of the corporation to recover for it property secured from it by defendants through fraud and collusion. On appeal it was sought to change the theory of the action by abandoning the charge of fraud and collusion and claiming that the minority stockholders in their interest solely against the defendant as a majority stockholder upon an alleged trust relation had the right to compel defendant to account to the minority for profits and advantages which it holds in violation of their relationship. It was held that the latter cause of action lay far outside the nature and limits of an action brought in behalf of a corporation against those who by fraud and conspiracy have stripped the corporation of its property, to get rid of the wrongful proceedings and transfers and recover back to the corporation the property of which it has been unlawfully deprived. It was held the one cause of action might not be substituted for the other.

The complaint here purports to allege a conspiracy of defendants to bring about a fraudulent dissolution and liquidation of the New Jersey corporation and a diversion of its property to a new corporation organized by defendants; that defendants knew the real interests of the New Jersey corporation required the continuance of its business instead of dissolution; that defendants used the dissolution process as a means to further their fraud; that the dissolution was fraudulent and an illegal scheme to merge two corporations in violation of the laws of New Jersey. In effect, the complaint alleges that property of the New Jersey corporation was wrongfully diverted to the defendants. Whatever property defendants held came to them, according to this complaint, out of their wrong to the corporation to which and not to the stockholders

they are accountable, aside from a situation hereafter considered.

Plaintiff's counsel seeks to confound defendants' contention by referring to a decision (*De Martini* v. *McCaldin,* 184 App. Div. 222) in which counsel for the latter, then a distinguished member of the Appellate Division of the first department, rendered the decision. But that case is not an authority in support of plaintiff's theory. The defendant held property belonging to a *dissolved* corporation which came wrongfully into his hands through his own and the acts of the liquidating trustees who thereafter died. It was held that he was a trustee *ex maleficio* and as such was liable to account to the stockholders. *But it will be observed that there was no wrong done to the corporation or its property during corporate existence.* The language of the court: " Here, the corporation having no creditors, the stockholders were the equitable owners of the property " and " ' Whoever has an interest in trust property or funds is entitled to sue for an accounting with respect thereto ' " was intended to be applied to the case in hand, where in light of the facts, the stockholders had a direct beneficial interest. And it cannot be extended to a case where corporate property, as such, has been fraudulently diverted by a wrongful dissolution even though the stockholders indirectly have an interest.

In view of the court's construction of this complaint it becomes unnecessary to consider the able and illuminating discussion by plaintiff's counsel of the meaning of the word " beverage " in the recent constitutional amendment. Whether it will or will not be of influence in a forum to which it may be appropriately addressed is not for this court to say.

The complaint alleges that the New Jersey corporation was dissolved. Some parts of the statutes of

that state are referred to, but I doubt that there is sufficient upon which to predicate a legal dissolution. It may not be amiss to note here that on the trial plaintiff will be confronted by a New Jersey statute which continues dissolved corporations " for the purpose of prosecuting and defending suits." It will, however, be assumed of the corporation, since it may be inferred from the complaint, that all of its creditors have been paid and its property disposed of by the liquidating trustees: " *  * ·  * it has suffered such a complete dissolution that it must be regarded as no longer capable of holding or administering its property even for the purpose of corporate liquidation and that it must be held that perforce of dissolution and loss of corporate existence and capacity its property and rights have passed to its stockholders as ultimate owners." *Brock* v. *Poor,* 216 N. Y. 387, 400. In that event, the plaintiff would have the right to assert his claim here made for himself and others similarly situated for that which he claims now belongs to them, were it not that it appears that liquidating trustees were appointed in the dissolution proceedings. In a representative action, liquidating trustees of a dissolved corporation are necessary parties. *Holmes* v. *Camp,* 186 App. Div. 675; affd., by the Court of Appeals, 227 N. Y. 635. Assuming that it is properly alleged that liquidating trustees were appointed, the allegation that they were discharged is not sufficient. The law under which they were appointed and by which they may be discharged does not appear. That they are creatures of statute does appear, but how or under what circumstances they may be discharged is not stated. The allegation that they were discharged is a conclusion of law not admitted by the demurrer. Therefore, it must be assumed that the liquidating trustees continue to act. It cannot be presumed that

because they have paid debts and disposed of the corporate property they have been discharged. Nor may it be presumed, as stated in defendants' brief, that they have been lawfully discharged. Since they are liquidating trustees, the plaintiff may bring this action only upon showing a demand upon them to bring it and their failure to act accordingly the same as he might if the corporation were in existence. *Greaves* v. *Gouge,* 69 N. Y. 154. The complaint, therefore, does not state facts sufficient to constitute a cause of action. All of the parties to this action are before the court. While in determining whether or not the acts of the defendants were wrongful, it will be necessary to consider the question of the dissolution, that will not directly raise a question of the internal management of a foreign corporation. Besides property involved in the action is in this state. The court, therefore, has jurisdiction of the action. As stated above, the action is for a wrongful diversion of the property of the New Jersey corporation. All of the defendants participated therein. It is true that the Delaware corporation was formed after it is claimed the New Jersey corporation was dissolved and it, therefore, could not have been a party to the original plan to loot, as it is claimed, the New Jersey corporation. But it was organized for the benefit and purpose of consummating the plans of the individual defendants and received the property with full knowledge of the fraudulent scheme. It seems to me it should be held accountable the same as those who formed it for the purposes stated. There is but one cause of action. Other causes of action might be spelled out against individual defendants. These, however, are incidental to and a part of one cause of action and not separate from it. Defendants' demurrer that the complaint does not state facts sufficient to constitute a cause of action is

sustained, and the motion to dismiss the complaint is granted, with ten dollars costs, with leave to plaintiff to amend within twenty days upon payment of such costs. The motion made upon the other grounds of demurrer is denied. The motion made by plaintiff for judgment on the pleadings is denied, with ten dollars costs to defendants. .

Ordered accordingly.