LEAH M. WELT, Plaintiff, *v.* THE BEACHCOMBER, INC., and Others, Defendants.

Supreme Court, Special Term, New York County, December 7, 1937.

*Stanley J. Harte,* for the plaintiff.

*William Weiss,* for the defendants.

POLETTI, J. Plaintiff is a minority stockholder in the defendant corporation, of which the individual defendants are the sole directors and officers. They are also the holders of all the remaining stock in the corporation. Plaintiff has heretofore brought a minority stockholder's action wherein she requests an accounting of profits alleged to have been dissipated by these individual defendants and for other equitable relief. That action is now pending.

The plaintiff moved to enjoin and restrain the defendant corporation and the individual defendants " from taking any action or instituting any proceedings for the dissolution of the defendant corporation." The plaintiff also requested a *pendente lite* injunction so enjoining and restraining the defendant corporation and the individual defendants pending the determination of same and the entry of final judgment The application for a *pendente lite* injunction was heard by me on August 31, 1937, and a decision granting said application was rendered. Thereafter, upon the posting of a proper bond, an order to this effect was entered and served upon the defendant corporation and certain of the individual defendants.

In the instant motion now before me, plaintiff seeks an order punishing the individual defendants as and for a contempt of court, for their failure and refusal to comply with and obey the provisions of my decision dated September 9, 1937, and the order thereon dated September 28, 1937, and also for their willful attempts thereafter to circumvent the provisions of the decision and order, by which circumvention the rights of the plaintiff, it is alleged, have been defeated and impaired; and for an order setting aside and declaring null and void any and all acts committed or proceedings instituted by the defendant corporation and/or the individual

defendants which were calculated to and did, directly or indirectly, effect the dissolution of the defendant corporation, despite my prior decision and order. Plaintiff also makes application at this time for an order directing the defendant corporation and the individual defendants to restore or cause to be restored to the defendant corporation, or to a receiver to be appointed on behalf of the defendant corporation and the plaintiff, any and all assets heretofore belonging to the defendant corporation which had been transferred, sold or assigned to the American Music Hall, Inc., a new corporation admittedly created, managed and owned to a great extent by the individual defendants.

Plaintiff further makes application for the appointment of a receiver *pendente lite* to continue the business and operation of the American Music Hall as a combination restaurant and theatre pending the ultimate determination of the action; and plaintiff further applies for an order enjoining and restraining the individual defendants from using, employing or otherwise exploiting any and all assets, tangible or intangible, belonging to The Beachcomber, Inc., in the presentation of any theatrical production, or in the maintenance of any restaurant, night club or cabaret for the benefit of the American Music Hall, Inc., and more particularly from continuing to present " The Fireman's Flame " at the American Music Hall, and from maintaining a restaurant, night club or cabaret at those premises in the name and for the benefit of the American Music Hall, Inc.

As to plaintiff's request that the individual defendants be punished as and for a contempt of court, this court cannot find any legal justification for so doing, inasmuch as it appears in all the papers submitted that the acts in question were all committed prior to the 28th day of September, 1937, the date of entry of the injunction *pendente lite* restraining the dissolution of the defendant corporation.

However, the court must express its displeasure concerning the tactics of the defendants.

At the oral argument of the motion for a temporary injunction restraining the dissolution of the defendant corporation, this court, in lieu of granting a stay, requested an assurance that the assets of The Beachcomber, Inc., would not be tampered with by the individual defendants. Such assurance was indicated. This transpired on August 31, 1937. Yet it appears that on August 24, 1937, there was filed in the office of the Secretary of State a certificate of incorporation of the American Music Hall, Inc., the stock of which is, to a large extent, owned by these defendants, and to which

the assets of The Beachcomber, Inc., were transferred by these defendants.

No mention was made of this to this court at the time of the argument. Furthermore, the very next day the defendants commenced speedily to transfer all the assets of The Beachcomber, Inc., to that new corporation. The rapidity with which this was done indicates their evident purpose to complete their transition before the determination of the motion by this court. The defendants cannot be said to have been candid and fair to this court.

Moreover, the defendants, as officers, directors and majority stockholders, are in a fiduciary and trust relationship with the plaintiff, a minority stockholder. (*Kavanaugh* v. *Kavanaugh Knitting Co.*, 226 N. Y. 185.) A court of equity will render full relief, looking to the substance rather than the form, when an advantage is sought by a wrongdoing fiduciary. As was stated by Mr. Justice CARDOZO in *Meinhard* v. *Salmon* (249 N. Y. 458, at p. 464): " Many forms of conduct permissible in a workaday world for those acting at arm's length, are forbidden to those bound by fiduciary ties. A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior. As to this there has developed a tradition that is unbending and inveterate. Uncompromising rigidity has been the attitude of courts of equity when petitioned to undermine the rule of undivided loyalty by the ' disintegrating erosion ' of particular exceptions. (*Wendt* v. *Fischer*, 243 N. Y. 439, 444.) Only thus has the level of conduct for fiduciaries been kept at a level higher than that trodden by the crowd. It will not consciously be lowered by any judgment of this court."

That the individual defendants have in effect transferred all the assets, including cabaret license, lease and good will of the defendant corporation to a new corporation practically owned and controlled by them, is conceded. The court finds a proper basis for plaintiff's claim that this was not done in good faith but for the purpose of destroying plaintiff's rights in the defendant corporation. The defendants by so doing have caused a *de facto* dissolution of the defendant corporation. (*People* v. *Ballard*, 134 N. Y. 269; *Abbot* v. *American Hard Rubber Co.*, 33 Barb. 578; *Major* v. *American Malt & Grain Co.*, 110 Misc. 132.) The directors may not thus, in bad faith, cause a dissolution of the corporation as against dissenting stockholders. (*Godley* v. *Crandall & Godley Co.*, 212 N. Y. 121; *Abbot* v. *American Hard Rubber Co.*, *supra*.)

The court, therefore, directs that all such transfers made by the defendants which strip the corporation of all its assets are hereby

set aside and declared to be null and void as having been committed in disregard of plaintiff's rights as a stockholder. That the American Music Hall, Inc., being composed of and controlled by these individual defendants, had actual knowledge of the nature and purpose of these transfers to it, is patent. The individual defendants cannot seek shelter behind the skirts of their own corporate creation, the American Music Hall, Inc., and all transfers to the corporation of the assets of The Beachcomber, Inc., are invalid and ineffective. (*Matter of People* [*Title & Mortgage Guarantee Co.*], 246 App. Div. 435; affd., 270 N. Y. 629; Gen. Corp. Law, § 60, subd. 5.)

Piercing the corporate veil, this court decrees and now directs these defendants, individually and as officers, directors and stockholders of the American Music Hall, Inc., to retransfer all the assets of The Beachcomber, Inc., to that corporation, and any and all income derived from the use of the American Music Hall as restaurant and theatre, present and future, to a receiver *pendente lite*, to be appointed by this court. (*Abbot* v. *American Hard Rubber Co.*, *supra*; *American & British Mfg. Co.* v. *Hoadley*, 97 Misc. 200.) Plaintiff's motion for the appointment of a receiver to assume control of all the assets of The Beachcomber, Inc., hereinabove directed to be retransferred to said corporation and to continue the business and operation of the American Music Hall, Inc., as a combination restaurant and theatre pending the ultimate determination of the action, is granted in all respects. (1 Clark on Receivers, p. 533.)

The individual defendants are further restrained from making any use whatsoever of the present assets, tangible or intangible, belonging to The Beachcomber, Inc., and from presenting a theatrical production or maintaining any restaurant, night club or cabaret at the American Music Hall in the name of the American Music Hall, Inc. (*American & British Mfg. Co.* v. *Hoadley*, *supra*.)

It follows that these individual defendants should be enjoined and restrained from making any use whatsoever of the present assets, tangible or intangible, belonging to The Beachcomber, Inc., and from presenting a theatrical production or maintaining any restaurant, night club or cabaret at the American Music Hall in the name of the American Music Hall, Inc., unless and until so instructed and so employed by the receiver.

Cases cited by the defendants in opposition to plaintiff's motion do not apply to the instant matter. In the cases of *Levin* v. *Mayer* (86 Misc. 116); *Raymond* v. *Security Trust & Life Ins. Co.* (111 App. Div. 191), and *Skinner* v. *Smith* (134 N. Y. 240, 241) there were no issues raised as to the bad faith of the individual

defendants. The court finds ample evidence in the moving papers to justify plaintiff's contention that the individual defendants have not acted in good faith in so far as her rights as stockholder and the rights of the corporation itself are concerned. The well-established rule laid down in the case of *Kavanaugh* v. *Kavanaugh Knitting Co.* (226 N. Y. 185) indicates that majority stockholders and directors may not trammel at will the rights of minority stockholders. The rule set forth therein imposes upon such directors and majority stockholders a definite trust obligation and compels them at all times to act in the best of faith. Defendants' opposing papers do not present an adequate refutation of the charges of bad faith as made by plaintiff.

The court directs the plaintiff to file a proper surety bond to be approved by this court. Settle order on notice.