James Benintendi et al., Plaintiffs, *v.* Kenton Hotel, Inc., et al., Defendants.

Supreme Court, Special Term, New York County, December 4, 1943.

*Monroe J. Weinstein* for plaintiffs.

*Isidore Slute* for John B. Dondero and Mary Dondero, defendants.

PECK, J. Plaintiffs are the owners of one third of the stock of Kenton Hotel, Inc., and the individual defendants are the owners of two thirds of the stock. It is the plaintiffs' claim that on March 11, 1941, the stockholders of the corporation amended the bylaws to provide: (1) that no resolution of stockholders should be adopted except by unanimous vote of the stockholders, (2) that the election of directors would have to be by unanimous vote of the stockholders, (3) that no resolution of the directors should be adopted except by unanimous vote of the directors, (4) that the bylaws might be amended only by unanimous vote of the stockholders. The defendants, claiming that they were not at the stockholders' meeting at which the bylaws were purportedly adopted and never received notice or waived notice of the meeting, deny that such bylaws were ever adopted and challenge their legality if adopted. Pursuing their opposition, the defendants called a special meeting of stockholders for June 4, 1943, to annul the purported adoption of the amended bylaws. Plaintiffs then brought this suit to enjoin the holding of the meeting and to have the amended bylaws adjudged valid and in full force and effect; also to have it adjudged that the plaintiff Theresa Benintendi is the owner of twenty-four shares and the plaintiff James Benintendi is the owner of nine and one-third shares of the capital stock of the corporation.

There are thus three questions presented in this suit: (1) whether the amended bylaws were adopted by the stockholders, (2) the legality of the bylaws, and (3) the amount of plaintiffs' ownership of stock in the corporation.

The third question will be disposed of first because it is a simple question of fact. It is conceded that plaintiff Theresa Benintendi owns twenty-four shares of the stock of the corporation. Plaintiff James Benintendi holds certificates for nine and one-third shares. The dispute as to his ownership of the stock relates to a certificate for six and one-fourth shares which he received from the defendant John B. Dondero in 1936. The defendant claims that he was never paid for this stock. In view of defendant's admitted signature to a receipt acknowledging payment of the amount of $172.10 as the balance due on such shares, the court finds that the defendant was paid for these shares and that the plaintiff James Benintendi is the owner of

such shares. Accordingly it is adjudged that the plaintiff Theresa Benintendi is the owner of twenty-four shares and plaintiff James Benintendi is the owner of nine and one-third shares of the capital stock of the corporation.

On the question of whether the amended bylaws were adopted by the stockholders, it is admitted that there was no meeting of or notice to all of the stockholders of record. Neither the plaintiff Theresa Benintendi nor the defendant Mary Dondero was at the meeting or received notice of the meeting at which the amended bylaws were adopted. Indeed there was no regularly called or formal meeting of stockholders held on March 11, 1941. On the other hand, it is stipulated that the plaintiff James Benintendi was the beneficial owner of the stock standing in the name of Theresa Benintendi and the defendant John B. Dondero was the beneficial owner of the stock standing in the name of Mary Dondero, and the court is satisfied that there was an agreement between them for the adoption of the bylaws and that the minutes of the meeting adopting the bylaws accurately effect their agreement. A closing statement summarizing the corporate events of March 11, 1941, including the adoption of the bylaws, was sent to the defendant John B. Dondero on March 12, 1941, and he made no seasonable objection thereto. The court feels justified, therefore, in disregarding the technical and formal deficiencies of the stockholders' meeting and accepting the bylaws as representing the intention and agreement of all the parties in interest.

The question of the legality of the bylaws remains however. The test of the legality of bylaws is whether they are "inconsistent with law" (General Corporation Law, § 14, subd. 5). Each of the bylaws in question will now be tested by that standard.

First, the bylaw that "no resolution shall be adopted except by unanimous vote of the stockholders". Too many sections of the corporation laws specify the percentage of stockholders which are required to vote various resolutions or take corporate action to permit a bylaw that *no* resolution shall be adopted except by unanimous vote of the stockholders. (General Corporation Law, §§ 102, 103; Stock Corporation Law, § 35, par. c; § 37, subd. 3, pars. (b), (c); § 55; § 86, par. b; § 105, par. c.) The bylaw cannot override the law, as it attempts to, by requiring a unanimous vote of stockholders on all matters "whether or not any other manner or percentage is provided by law".

Second, the bylaw requiring the unanimous vote of stockholders to elect directors is clearly contrary to section 55 of the Stock Corporation Law which provides for the election of directors by a plurality of the votes of stockholders. The plaintiffs cite in support of this bylaw cases like *Clark* v. *Dodge* (269 N. Y. 410), upholding agreements by stockholders on the personnel of boards of directors. The proposition for which plaintiffs here contend, however, is the converse proposition that if the stockholders do not unanimously agree no directors can be selected. Attempts to adopt bylaws to that effect have uniformly been held to be abortive and contrary to section 55 of the Stock Corporation Law. (*Matter of Boulevard Theatre & Realty Co.,* 195 App. Div. 518; *Matter of Rapid Transit Ferry Co.,* 15 App. Div. 530; *Reiss* v. *Levy,* 175 App. Div. 938.)

The third bylaw, requiring the unanimous vote of directors for any resolution of the directors, does not meet with sympathy from the court because it is an invitation to deadlock and paralysis of corporate function. An argument can well be made that such a bylaw is contrary to public policy. But the court cannot indulge in judicial legislation on the subject and does not find that such a bylaw is inconsistent with law.

Section 27 of the General Corporation Law provides: " Unless otherwise provided a majority of the board at a meeting duly assembled shall be necessary to constitute a quorum for the transaction of business and the act of a majority of the directors present at such a meeting shall be the act of the board."

Section 28 provides: " Whenever, under the provisions of any corporate law a corporation is authorized to take any action by its directors, action may be taken by the directors, regularly convened as a board, and acting by a majority of a quorum, except when otherwise expressly required by law or the by-laws * * *."

It is not altogether clear whether the " Unless otherwise provided " clause of section 27 qualifies only the provision that a majority shall be necessary to constitute a quorum or whether it also qualifies the provision that the act of a majority shall be the act of the board. The only case the court has found on the subject is a Special Term decision upholding a bylaw requiring a unanimous vote of directors for a sale of corporate assets in bulk, as being " otherwise provided " under section 27. (*Levin* v. *Mayer,* 86 Misc. 116.)

Regardless of the construction of section 27, it would be difficult to give section 28 an interpretation which would forbid

the bylaw in question. It seems quite clearly a case of being " otherwise expressly required " under section 28.

Bearing in mind the probable consequence of such a bylaw, however, thought should be given to the question of whether the law provides relief from the deadlock which would likely occur. Section 103 of the General Corporation Law, which is the specific provision for breaking deadlocks, is not applicable to this case because it applies only where there are an even number of directors who are equally divided. Section 101 is broad enough, however, to cover the situation and would permit a majority of the directors to petition for a dissolution. This they could do despite the bylaw because that action of the majority would not be corporate action or by way of resolution of the directors and would not call for a directors' meeting. (Contrast the 1901 provision of section 57 of the Stock Corporation Law, under which the Attorney-General gave the opinion that a directors' meeting would be necessary [1901 Report of Attorney-General, p. 293].)

As the law provides a remedy for the jam which the bylaw here will likely produce and as the parties have agreed upon the bylaw and it does not appear to be inconsistent with law, the bylaw requiring a unanimous vote of directors is upheld. If that result is unfortunate, it should be prevented by a clarifying amendment to the corporation laws.

The bylaw requiring a unanimous vote of stockholders for an amendment of the bylaws is also upheld as not being inconsistent with law.

Settle judgment accordingly.