Morris E. Spector, J.
This is a motion for temporary injunction pendente lite. Plaintiff and the two individual defendants own 100% of the stock of Styleart Press, Inc. They each are officers and directors of said corporation. They all entered into a stockholders’ agreement whereby, inter alia, each stockholder agreed to offer his stock to remaining stockholders before selling to outsiders, and a formula for assessing the value of said stock was agreed upon.
There has been some internecine strife amongst said stockholders. The plaintiff refuses to sell his stock. The other two stockholders (defendants) have proceeded to dissolve the corporation pursuant to section 105 (subd. 4, par. c) of the Stock Corporation Law.
The plaintiff seeks to enjoin this dissolution upon the ground—
*107 (1) That the stockholders’ agreement makes no provision for the dissolution of the corporation. However, since there is no proscription in the agreement, the two-thirds majority may resort to the statutory remedy.
(2) That this is an attempt to freeze out the plaintiff in derogation and depreciation of valuable assets of the corporation and consequent loss to himself as a stockholder, and that defendants are not acting in good faith.
Admittedly, the corporation is solvent and has been relatively successful. Plaintiff is the inside man, or production boss, and the defendants are the salesmen and control all the accounts of the said corporation. Indeed, they controlled all or most of the accounts prior to the incorporation, and it was this asset that caused plaintiff to permit these defendants to join up with him in forming this corporation, since he had this plant prior to the incorporation. Upon dissolution, defendants will take these accounts and open up a plant of their own (as alleged). Therefore, upon dissolution, the corporate assets would consist only of inventory and machinery and not that of a going and thriving concern with good will.
While it is true that defendants may have a statutory right for dissolution, as majority stockholders and directors of a “ close ” corporation they occupy a position of fiduciary relationship toward the corporation and minority stockholders and are required to exercise the utmost good faith and ‘ ‘ cannot use their corporate power in bad faith or for their individual advantage ”. Will the corporation’s interests or their own be benefited by the dissolution! (Kavanaugh v. Kavanaugh Knitting Co., 226 N. Y. 185, 195; Major v. American Malt & Grain Co., 110 Misc. 132.) If plaintiff has a remedy for a wrong done (Greenfield v. Denner, 6 A D 2d 263, revd. in part 6 N Y 2d 867) he has a right to prevent the wrong. Motion granted upon condition that plaintiff post a bond in the sum of $2,500.